DECISION
{¶ 1} In this original action, relator, Linda M. Bosu, requests a writ of mandamus ordering respondent, State Teachers Retirement Board of Ohio ("STRB"), to refer her to a "competent" physician to conduct the re-examination relative to her disabling condition, pursuant to R.C. 3307.64, to pay benefits from the date benefits were suspended, and to continue to pay benefits in the future pursuant to R.C. 3307.62.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate examined the evidence and issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate concluded that, not only is this request interlocutory in nature, but, also, relator has an adequate remedy of law by pursuing her action through the State Teachers Retirement System. Therefore, the magistrate recommended that this court grant STRB's motion for summary judgment.
 {¶ 3} No party has filed objections to the magistrate's decision. The matter is now before the court for a full, independent review.
 {¶ 4} Upon review of the record, we find no error of law or fact present in the magistrate's decision. As such, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein. In accordance with that decision, STRB's motion for summary judgment is granted and the requested writ of mandamus is denied.
Summary judgment granted;
 Writ denied.
Klatt, P.J., and Petree, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Linda M. Bosu, : Relator, : :
v. : No. 05AP-347 :
State Teachers Retirement Board of Ohio, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on August 29, 2005 Manos, Martin, Pergram Dietz Co., LPA, James M. Dietz andThayne D. Gray, for relator.
Jim Petro, Attorney General, and John E. Patterson, for respondent.
 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 5} Relator, Linda M. Bosu, has filed this original action requesting that this court issue a writ of mandamus ordering respondent State Teachers Retirement Board of Ohio ("STRB") to refer her to a "competent" physician to conduct the re-examination relative to her disabling condition, pursuant to R.C. 3307.64, to pay benefits from the date benefits were suspended, and to continue to pay benefits in the future pursuant to R.C. 3307.62. Relator contends that STRB has abused its discretion by choosing Claire Wolfe, M.D., as the independent physician selected by STRB to examine relator to determine whether she remains disabled from performing her job.
Findings of Fact:
 {¶ 6} 1. In February 1997, relator applied for disability retirement. Relator submitted medical records concerning her treatment by Mark A. Piper, M.D., who operated on her twice. The second operation was performed on March 4, 1997, and Dr. Piper's post-operative diagnosis was "[b]ilateral temporomandibular joint adhesions with apparent disruption of anterior attachment of the lateral pterygoid muscle to meniscus on the right side."
 {¶ 7} 2. Relator was referred to John A. Cheek, D.D.S., M.D., to determine if she was permanently disabled from her job as a teacher.
 {¶ 8} 3. In his July 22, 1997 report, Dr. Cheek indicated as follows:
I examined Linda on July 22, 1997. She presented for a disability evaluation regarding her temporomandibular joints. She has had difficulty with her TM joints for about six years progressing to locking with pain in mid 1996. She has really obtained no relief from surgical and non-surgical interventions. She now has pain daily that prevents her from talking for more than a couple of hours. She can not eat or sleep normally and requires Percocet daily.
Examination demonstrates teeth in good condition and oral soft tissues within normal limits. The temporomandibular joints are silent; they are mildly tender and mandiubular motion is restricted at 35 mm with poor lateral excursions. The muscles of mastication are moderately tender and radiographic examination demonstrates features of degenerative change on the right side.
Linda has temporomandibular internal derangement with secondary masticatory myofascial pain. I believe that she is totally disabled, but she could still experience some improvement with aggressive medical management. Further surgery is not indicated.
 {¶ 9} 4. In a letter dated July 29, 1997, Earl N. Metz, M.D., a member of the Medical Review Board, recommended that, based upon the report of Dr. Cheek, relator be granted disability as she was permanently incapacitated for the performance of her regular duties as a teacher.
 {¶ 10} 5. Relator submitted a post-disability report from Dr. Piper dated November 19, 1998. Dr. Piper indicated that relator was seeing him as a patient every three months, that "talking causes debilitating facial pain due to the advanced level of temporomandibular joint disorder," that relator was still incapacitated from her teaching duties, that he did not expect her to be able to return to her previous job duties, and that relator has not shown any improvement in her condition during the previous year, in fact, Dr. Piper indicated that her symptoms had worsened.
 {¶ 11} 6. Relator was re-examined by Dr. Cheek again in early January 1999. In his January 19, 1999 report, Dr. Cheek noted as follows:
I examined Linda on January 11, 1999. She presented for further evaluation regarding her temporomandibular joint status. She is pursing a regimen of medical pain management without much success. She has even under gone another procedure on both sides. She continues to have pain daily that prevents her from talking more than a couple of hours.
* * *
Linda continues to have temporomandibular internal derangement with secondary masticatory myofascial pain. I believe that she is totally disabled and should be retired. Further surgery is not indicated.
 {¶ 12} 7. By letter dated January 21, 1999, relator was informed that her disability benefits would be continued.
 {¶ 13} 8. Relator submitted additional reports from Dr. Piper from September 2003 and November 2004. Dr. Piper indicated that he was now examining relator annually, that her symptoms continued to worsen and that in his opinion she was presently incapacitated for the duties previously performed as a teacher.
 {¶ 14} 9. In December 2004, the Medical Review Board authorized Claire Wolfe, M.D., to conduct the annual re-examination of relator relative to her continuing disability benefits. Relator was instructed to schedule an appointment with Dr. Wolfe.
 {¶ 15} 10. By letter dated December 16, 2004, relator, through counsel, submitted a letter to Dr. Metz, questioning the selection of Dr. Wolfe as the independent medical examiner to conduct relator's annual re-examination. Relator's concern was presented as follows:
* * * Ms. Bosu is to schedule an appointment with Claire Wolfe M.D., whose specialty is physical medicine. As previously indicated, Ms. Bosu's disabling condition is for temporomandibular internal derangement and arthrosis of the temporomandibular condyles. Previously the STRS had selected a diplomate of the American Board of Oral Maxillofacial Surgery (Dr. Cheek) as its evaluator. Ms. Bosu's treating physician (Dr. Piper) also specializes in oral and maxillofacial surgery. Both of these doctors are oral and maxillofacial surgeons that are licensed doctors of dental medicine (DMD) or dental surgery (DDS). Thus, both have graduated from dental school and are licensed to practice dentistry and surgery. Dr. Wolfe is not a licensed dentist or oral surgeon. Dr. Wolfe's specialty is physical medicine and given the scope of her expertise as identified and used by STRS with respect to other members and their evaluations, does not extend to the specific nature of Ms. Bosu's disability. She is not trained to diagnose, evaluate or treat temporomandibular conditions. Thus, I question the Retirement Board's decision to use her as an evaluator for such conditions.
The Ohio Revised Code provides the Retirement Board with the authority to reevaluate disability retirants (3307.64). This provision simply states that the Retirement Board chooses a physician. In 3307.62 (C), the General Assembly, in discussing initial evaluations for disability retirement applicants, requires `disinterested, competent, physicians.['] The requirement of a competent physician therein would clearly apply equally to reevaluations under 3307.64. Dr. Wolfe is not competent to evaluate Ms. Bosu's disabling condition.
It is Ms. Bosu's intent to fully cooperate with the Retirement System. However, an evaluation by Dr. Wolfe would constitute an inappropriate use of Ms. Bosu's time and the Retirement Board's resources. Only an evaluation by an oral and maxillofacial surgeon who is a licensed doctor of dental surgery (DDS) or dental medicine (DMD) is appropriate.
(Emphasis sic.)
 {¶ 16} 11. Dr. Metz responded by letter dated December 22, 2004, as follows:
I believe that Dr. Claire Wolfe is anything but incompetent to make a decision about disability from temporomandibular joint dysfunction. As you know, Dr. Wolfe is a well-respected clinician and member of the Columbus medical community. Furthermore, a major portion of her practice over the years has dealt with patients with fibromyalgia and myofascial pain syndromes, including many patients who have the TMJ syndrome as a component of a more generalized pain problem.
More importantly, from my perspective, we are not dealing with diagnostic or treatment issues, but rather with an assessment of how the condition affects the overall ability of a teacher to function. In that respect, I believe that Dr. Wolfe has few peers in Central Ohio.
 {¶ 17} 12. By letter dated January 13, 2005, relator, through counsel, continued to challenge the board's decision to refer her to Dr. Wolfe. Relator challenged the basis for any re-evaluation inasmuch as all the medical evidence indicated that relator continued to be disabled and specifically challenged the board's decision to refer her to Dr. Wolfe whom relator does "not believe * * * is a competent physician as defined in the statutes to address an individual with a disabling condition of temporomandibular internal derangement arthrosis of the temporomandibular condyles."
 {¶ 18} 13. By letter dated February 1, 2005, counsel for relator was informed by an assistant attorney general that relator was expected to schedule an appointment for an examination with Dr. Wolfe immediately.
 {¶ 19} 14. Relator has not scheduled an examination with Dr. Wolfe.
 {¶ 20} 15. On April 7, 2005, relator filed the instant mandamus action in this court requesting that this court find that Dr. Wolfe is not competent to examine her and order STRB to select a "competent" medical examiner with the relevant expertise to assess whether relator continues to be disabled due to her bilateral temporomandibular joint disease.
 {¶ 21} 16. In May 2005, counsel for relator issued notices of deposition in this action seeking to depose Drs. Metz and Wolfe.
 {¶ 22} 17. STRB filed a motion for a conference with the magistrate indicating that STRB objected to the depositions and that the named physicians would not attend those depositions.
 {¶ 23} 18. Following the telephone conference, it was determined that STRB would file a motion for summary judgment.
 {¶ 24} 19. On July 12, 2005, STRB filed its motion for summary judgment and relator has filed a memorandum contra.
 {¶ 25} 20. The matter is currently before the magistrate on the motion for summary judgment.
Conclusions of Law:
 {¶ 26} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 27} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 28} Relator asks this court to find that Dr. Wolfe is not "competent" to render an opinion relative to whether relator continues to be disabled and asks this court to find that STRB has abused its discretion by referring her to Dr. Wolfe for a re-evaluation. Relator does not challenge the authority of STRB to order her to submit to an independent medical examination at this time; however, relator does object to the STRB's decision to have her re-evaluated by Dr. Wolfe.
 {¶ 29} R.C. 3307.64 provides, in pertinent part, as follows:
The state teachers retirement board shall require any disability benefit recipient to submit to an annual medical examination by a physician selected by the board, except that the board may waive the medical examination if the board's physician certifies that the recipient's disability is ongoing. If a disability benefit recipient refuses to submit to a medical examination, the recipient's disability benefit shall be suspended until the recipient withdraws the refusal. If the refusal continues for one year, all the recipient's rights under and to the disability benefit shall be terminated as of the effective date of the original suspension.
 {¶ 30} Supplementing R.C. 3307.64 is Ohio Adm. Code3307:1-7-06(A) which provides, in pertinent part, as follows:
The retirement board may at any time require a recipient to submit to a medical examination by an independent medical examiner[.] * * *
 {¶ 31} Ohio Adm. Code 3307:1-7-01(D) provides the following relevant definition:
"Independent medical examiner" shall mean a competent physician neither involved in a treatment relationship with an applicant or recipient nor otherwise employed by the retirement system, who shall be designated by the chair of the medical review board to conduct an impartial examination.
 {¶ 32} Relator contends that Dr. Wolfe is not "competent" because she is not certified as an oral surgeon specializing in diseases involving the oral and maxilla facial areas. In its motion for summary judgment, STRB argues that its decision to refer relator to Dr. Wolfe is interlocutory in nature and that it cannot be challenged until after a determination has been made as to her disability. Specifically, STRB argues that, by law, relator can submit additional evidence after Dr. Wolfe's report, relator can appeal any decision of STRB, and relator can appear in person. Relator contends that she does not have an adequate remedy at law by way of pursuing the appeals process and that, even if she were to lose through all the appeals and her benefits were discontinued, she could not effectively challenge the STRB decision in this court.
 {¶ 33} Part of relator's "problem" in this matter stems from the fact that, unlike the Industrial Commission of Ohio, STRB is not required to cite the evidence upon which it relies in rendering a decision granting or terminating disability retirement benefits and is not required to provide an explanation for its decision. As such, it is difficult for this court to have meaningful review of decisions of the STRB and the magistrate can appreciate relator's reluctance to go through the motions, in her opinion, of submitting to a medical examination by Dr. Wolfe, whom relator must believe will render an opinion that she is not incapacitated from performing her job, thereby forcing relator to go through the appeals process and ultimately argue, before this court, that STRB abused its discretion. However, that is exactly the process which has been set up by the Ohio Revised Code and the Ohio Administrative Code for relator to pursue as a remedy.
 {¶ 34} Relator seems to think that she can never challenge Dr. Wolfe's credentials; however, if, as relator states, Dr. Wolfe is not "competent" to issue this decision because her practice is not as specialized as Drs. Piper and Cheek, relator can argue that before this court in a mandamus action in the event that STRB does indeed terminate her benefits. Relator appears to believe that, in the event that Dr. Wolfe opines that relator is not incapacitated from performing her job, STRB will accept her opinion because the board has appointed Dr. Wolfe to examine relator. However, until such time as STRB makes its decision, there is no basis upon which to challenge Dr. Wolfe's credentials or her opinion. Although relator concedes that, if she requests, STRB will make a tape-recording of her hearing on appeal or she can request a stenographic record. Relator contends that, inasmuch as she cannot compel Dr. Wolfe to attend the hearing, she cannot adequately challenge her opinion. However, this magistrate disagrees. As in cases before the Industrial Commission of Ohio or other boards, claimants can argue credibility and weight of the evidence. Once Dr. Wolfe issues an opinion, and if that opinion is negative, as relator believes it will be, relator can challenge that opinion in front of the STRB and argue that Dr. Wolfe's opinion should not be relied upon. A record can be made of her arguments. The magistrate disagrees with relator's contention that she can never challenge Dr. Wolfe's credentials.
 {¶ 35} Based on the foregoing, the magistrate finds that the decision by STRB to refer relator to Dr. Wolfe for an independent medical examination cannot be challenged in a mandamus action, but that it can be challenged after STRB makes a decision as to whether or not relator is still entitled to receive disability retirement. In the event relator is denied the right to continue to participate and receive disability benefits, relator can argue that STRB abused its discretion by terminating her benefits. Accordingly, not only is this order interlocutory in nature, but, also, relator does have an adequate remedy at law by pursuing her action through the State Teachers Retirement System. As such, it is this magistrate's decision that STRB is entitled to summary judgment as a matter of law and this court should dismiss relator's action.